UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BARBARA ALEXIS, MANOUSE BERTRAND,
EVENCIA LESTIN BIEN-AIME, NACUNA BRUNSON,
MARJORIE CALIXTE, GINA DELANAY, LAMARTINE
DENAUD, NELTHA DESIR, KIMBERLY HARVY
DRAKE, MAXILENE FILS-AIME, LORNA FRANCOIS,
MICHAEL GASPARD, DIANA HUSEIN, EMMA
JACINTHE, ARTRELL JOHNSON, ROXENE DOUCE
JOHNSON, MYRLENE JOSEPH, NADEGE JOSEPH,
LOCMAINE LOUIS, LISGREILY MARIN, RALPH
MARRERO, EDLYNE METAYER, SAMANTHA
MONDESIR, JETZABELL NORTEY-MAYOLA,
NANCY PIERRE, PAOLA RAVANI, MARIE
REGUENARD, QUAMEA RICHARDS, ISMARAY
RODRIGUEZ, LATEECHIA RULE, ROSELINE
SEJOUR, ELENA SOUVERIAN, JOSEE SUAZO, JOSE
TAMAYO, YVENA TERMILUS, LUCINE TOUSSAINT,
DANIELA VAZQUEZ, KELEY VILBRUN, CHANIK
WORSLEY, and SOLANGE YOUYOUTE

   Plaintiffs,
v.

NOMI HEALTH, INC., a Delaware Corporation, and
MEDX STAFFING INC., a Utah Corporation,

   Defendants.
_____/

**COMPLAINT**

   Plaintiffs, BARBARA ALEXIS, MANOUSE BERTRAND, EVENCIA LESTIN BIEN-AIME, NACUNA BRUNSON, MARJORIE CALIXTE, GINA DELANAY, LAMARTINE DENAUD, NELTHA DESIR, KIMBERLY HARVY DRAKE, MAXILENE FILS-AIME, LORNA FRANCOIS, MICHAEL GASPARD, DIANA HUSEIN, EMMA JACINTHE, ARTRELL JOHNSON, ROXENE DOUCE JOHNSON, MYRLENE JOSEPH, NADEGE JOSEPH, LOCMAINE LOUIS, LISGREILY MARIN, RALPH MARRERO, EDLYNE

METAYER, SAMANTHA MONDESIR, JETZABELL NORTEY-MAYOLA, NANCY PIERRE, PAOLA RAVANI, MARIE REGUENARD, QUAMEA RICHARDS, ISMARAY RODRIGUEZ, LATEECHIA RULE, ROSELINE SEJOUR, ELENA SOUVERIAN, JOSEE SUAZO, JOSE TAMAYO, YVENA TERMILUS, LUCINE TOUSSAINT, DANIELA VAZQUEZ, KELEY VILBRUN, CHANIK WORSLEY, and SOLANGE YOUYOUTE, ("Plaintiffs") by and through their undersigned counsel, on behalf of themselves as well as all other similarly situated employees, hereby file this complaint against Defendants, NOMI HEALTH, INC. and MEDX STAFFING INC. ("Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action seeking recovery of unpaid overtime compensation owed to Plaintiffs, and all other similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to the 29 U.S.C. §216.

3. The Plaintiffs, all employees, were misclassified as independent contractors by Defendants. They worked at the Defendants' Covid-19 testing facilities in the Southern District of Florida. Their primary duties were to perform activities related to COVID-19 such as testing and vaccinations. Plaintiffs, all hourly employees who worked over 40 hours, seek their unpaid overtime compensation. They time period at issue is on or around September 2020 to present. The plaintiffs claim and assert their rights that arose out of their employment relationship with the Defendants for unpaid overtime.

4. Plaintiffs bring this action on behalf of themselves and similarly situated current and former individuals who worked for Defendants in the same job position as Plaintiffs who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C., §216(b).

Plaintiffs and putative members of their FLSA Collectives are grouped by job position held while working for Defendants, either as Registered Nurse ("RN Collective"), Licensed Practical Nurse ("LPN Collective"), Certified Nursing Assistant ("CNA Collective"), Medical Assistant ("MA Collective"), Paramedic ("Paramedic Collective"), Operations Lead ("Operations Collective"), Emergency Medical Technician ("EMT Collective"), Driver ("Driver Collective"), or Data Entry ("Data Entry Collective").

5. Defendants paid each Plaintiff, and the FLSA Collectives, an hourly wage for conducting activities related to COVID-19 such as testing and vaccinations.

6. For each individual within their job position collective, they assert common questions of law and facts namely whether they were misclassified as independent contractors and how much unpaid overtime they are owed. Plaintiffs join together in this action where common questions are present and to promote judicial economy.

## PARTIES

### RN Collective

7. Each member of the RN Collective worked in the position of Registered Nurse ("RN") during their period of employment with Defendants.

8. Plaintiff BARBARA ALEXIS is an individual, over the age of 18, living in Chatham County, Georgia, and is otherwise *sui juris*. Plaintiff Alexis is a covered employee for purposes of the FLSA. Plaintiff Alexis worked in the position of RN from on or around January 2022, through on or around August 2022.

9. Plaintiff NELTHA DESIR is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Desir is a covered employee for purposes of the FLSA.

Plaintiff Desir worked in the position of RN from May 26, 2021, through on or around August 30, 2022.

10. Plaintiff MAXILENE FILS-AIME is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Fils-Aime is a covered employee for purposes of the FLSA. Plaintiff Fils-Aime worked in the position of RN from on or around November 2021, through present.

11. Plaintiff MYRLENE JOSEPH is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Joseph is a covered employee for purposes of the FLSA. Plaintiff Joseph worked in the position of RN from on or around July 2021, through present.

12. Plaintiff LOCMAINE LOUIS is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Louis is a covered employee for purposes of the FLSA. Plaintiff Louis worked in the position of RN from on or around September 2021, through on or around January 2022.

13. Plaintiff LISGREILY MARIN is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Marin is a covered employee for purposes of the FLSA. Plaintiff Louis worked in the position of RN from on or around November 2021, through on or around August 2022.

14. Plaintiff RALPH MARRERO is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Marrero is a covered employee for purposes of the FLSA. Plaintiff Louis worked in the position of RN from on or around April 2021, through on or around December 2021.

15. Plaintiff JETZABELL NORTEY MAYOLA is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Mayola is a covered employee for purposes of the FLSA. Plaintiff Mayola worked in the position of RN from on or around June 2021 to August 2022.

16. Plaintiff NANCY PIERRE is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Pierre is a covered employee for purposes of the FLSA. Plaintiff Pierre worked in the position of RN from on or around July 2021, through on or around May 2022.

17. Plaintiff ISMARAY RODRIGUEZ is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Rodriguez is a covered employee for purposes of the FLSA. Plaintiff Rodriguez worked in the position of RN from on or around August 2021, through on or around November 2022.

18. Plaintiff ELENA SOUVERIAN is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Souverian is a covered employee for purposes of the FLSA. Plaintiff Souverian worked in the position of RN from on or around December 2021, through on or around June 2022.

19. Plaintiff YVENA TERMILUS is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Termilus is a covered employee for purposes of the FLSA. Plaintiff Termilus worked in the position of RN from June 16, 2021, through October 5, 2022.

20. Plaintiff DANIELA VAZQUEZ is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Vazquez is a covered employee for purposes of

the FLSA. Plaintiff Vazquez worked in the position of RN from on or around April 2021, through on or around March 2022.

21. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated RNs who would wish to opt-in to the RN Collective.

**LPN Collective**

22. Each member of the LPN Collective worked in the position of Licensed Practical Nurse ("LPN") during their period of employment with Defendants.

23. Plaintiff GINA DELANAY is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Delanay is a covered employee for purposes of the FLSA. Plaintiff Delanay worked in the position of LPN from September 14, 2020, through on or around May 2021.

24. Plaintiff LAMARTINE DENAUD is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Denaud is a covered employee for purposes of the FLSA. Plaintiff Denaud worked in the position of LPN from on or around June 2022, through on or around August 2022.

25. Plaintiff KIMBERLY HAVERY DRAKE is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Drake is a covered employee for purposes of the FLSA. Plaintiff Drake worked in the position of LPN from September 14, 2020, through on or around May 2021.

26. Plaintiff EMMA JACINTHE is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Jacinthe is a covered employee for purposes of the FLSA. Plaintiff Jacinthe worked in the position of LPN from on or around April 2021 through present.

27. Plaintiff MARIE REGUENARD is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Reguenard is a covered employee for purposes of the FLSA. Plaintiff Reguenard worked in the position of LPN from on or around June 2021 through on or around September 2021.

28. Plaintiff LUCINE TOUSSAINT is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Toussaint is a covered employee for purposes of the FLSA. Plaintiff Toussaint worked in the position of LPN from on or around December 2020 through on or around August 2021.

29. Plaintiff KELEEY VILBRUN is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Vilbrun is a covered employee for purposes of the FLSA. Plaintiff Vilbrun worked in the position of LPN from on or around July 2020 through on or around March 2022.

30. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated LPNs who would wish to opt-in to the LPN Collective.

**CNA Collective**

31. Each member of the CNA Collective worked in the position of Certified Nursing Assistant ("CNA") during their period of employment with Defendants.

32. Plaintiff MANOUSE BERTRAND is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Bertrand is a covered employee for purposes of the FLSA. Plaintiff Bertrand worked in the position of CNA from on or around January 2020 through on or around July 2022.

33. Plaintiff MICHAEL GASPARD is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Gaspard is a covered employee for purposes of

the FLSA. Plaintiff Gaspard worked in the position of CNA from on or around April 2021 through on or around September 2022.

34. Plaintiff ROXENE DOUCE JOHNSON is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Johnson is a covered employee for purposes of the FLSA. Plaintiff Johnson worked in the position of CNA from on or around September 2021 through on or around July 2022.

35. Plaintiff SAMANTHA MONDESIR is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Mondesir is a covered employee for purposes of the FLSA. Plaintiff Mondesir worked in the position of CNA from on or around March 2021 through on or around January 2022.

36. Plaintiff ROSELINE SEJOUR is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Sejour is a covered employee for purposes of the FLSA. Plaintiff Sejour worked in the position of CNA from on or around December 2020 through on or around July 2022.

37. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated CNAs who would wish to opt-in to the CNA Collective.

**MA Collective**

38. Each member of the MA Collective worked in the position of Medical Assistant ("MA") during their period of employment with Defendants.

39. Plaintiff LORNA FRANCOIS is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Francois is a covered employee for purposes of the FLSA. Plaintiff Francois worked in the position of MA from on or around January 2021 through on or around August 2022.

40. Plaintiff ARTRELL JOHNSON is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Johnson is a covered employee for purposes of the FLSA. Plaintiff Johnson worked in the position of MA from on or around March 2021 through on or around March 2022.

41. Plaintiff NADEGE JOSEPH is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Joseph is a covered employee for purposes of the FLSA. Plaintiff Joseph worked in the position of MA from on or around December 7, 2020, through on or around July 7, 2022.

42. Plaintiff EDLYNE METAYER is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Metayer is a covered employee for purposes of the FLSA. Plaintiff Metayer worked in the position of MA from on or around October 2020 through on or around July 2022.

43. Plaintiff LATECHIA RULE is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Rule is a covered employee for purposes of the FLSA. Plaintiff Rule worked in the position of MA from on or around December 2020 through on or around May 2022.

44. Plaintiff JOSE SUAZO is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Suazo is a covered employee for purposes of the FLSA. Plaintiff Suazo worked in the position of MA from on or around December 11, 2021 through on or around July 2022.

45. Plaintiff CHANIK WORSLEY is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Worsley is a covered employee for purposes of

the FLSA. Plaintiff Worsley worked in the position of MA from on or around December 2, 2020, through on or around June 2022.

46. Plaintiff SOLANGE YOUYOUTE is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Youyoute is a covered employee for purposes of the FLSA. Plaintiff Youyoute worked in the position of MA from on or around February 2021 through on or around August 2022.

47. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated MAs who would wish to opt-in to the MA Collective.

**Paramedic Collective**

48. Each member of the Paramedic Collective worked in the position of Paramedic during their period of employment with Defendants.

49. Plaintiff PAOLA RAVANI is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Ravani is a covered employee for purposes of the FLSA. Plaintiff Ravani worked in the position of Paramedic from on or around March 2021 through present.

50. Plaintiffs contend that, in addition to the individual above, there exist other similarly situated Paramedics who would wish to opt-in to the Paramedic Collective.

**Operations Collective**

51. Each member of the Operations Collective worked in the position of Operations Lead during their period of employment with Defendants.

52. Plaintiff DIANA HUSEIN is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Husein is a covered employee for purposes of the FLSA.

Plaintiff Husein worked in the position of Operations Lead from on or around February 2021, through on or around May 2022.

53. Plaintiffs contend that, in addition to the individual above, there exist other similarly situated Operations Leads who would wish to opt-in to the Operations Collective.

**EMT Collective**

54. Each member of the EMT Collective worked in the position of Emergency Medical Technician ("EMT") during their period of employment with Defendants.

55. Plaintiff NACUNA BRUNSON is an individual, over the age of 18, living in Charleston County, South Carolina and is otherwise *sui juris*. Plaintiff Brunson is a covered employee for purposes of the FLSA. Plaintiff Brunson worked in the position of EMT from on or around September 2020, through on or around June 2021.

56. Plaintiff QUAMEA RICHARDS is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Richards is a covered employee for purposes of the FLSA. Plaintiff Richards worked in the position of EMT from on or around September 23, 2020, through on or around April 2021.

57. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated EMTs who would wish to opt-in to the EMT Collective.

**Driver Collective**

58. Each member of the Driver Collective worked in the position of Driver during their period of employment with Defendants.

59. Plaintiff JOSE TAMAYO is an individual, over the age of 18, living in Miami-Dade County, and is otherwise *sui juris*. Plaintiff Tamayo is a covered employee for purposes of the FLSA.

Plaintiff Tamayo worked in the position of Driver from on or around October 2020, through on or around July 2021.

60. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated Drivers who would wish to opt-in to the Driver Collective.

**Data Entry Collective**

61. Each member of the Data Entry Collective worked in the position of Data Entry during their period of employment with Defendants.

62. Plaintiff EVENCIA LESTIN BIEN-AIME is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Bien-Aime is a covered employee for purposes of the FLSA. Plaintiff Bien-Aime worked in the position of Data Entry from on or around June 2021, through on or around July 2022.

63. Plaintiff MARJORIE CALIXTE is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*. Plaintiff Calixte is a covered employee for purposes of the FLSA. Plaintiff Calixte worked in the position of Data Entry from on or around June 2021, through on or around March 2022.

64. Plaintiffs contend that, in addition to the individuals above, there exist other similarly situated Data Entry employees who would wish to opt-in to the Data Entry Collective.

**Defendants**

65. At all times material hereto, Defendant Nomi Health, Inc. is and was a national Company, authorized to do business and doing business in the state of Florida, with its offices located in the county of Palm Beach County, Florida and otherwise *sui juris*.

66. At all times material hereto, Defendant Medx Staffing Inc. is and was, a Utah Company, authorized to do business and doing business in, the state of Florida, with its offices located in the county of Palm Beach, State of Florida and otherwise *sui juris*.

67. Defendants Nomi Health, Inc. and Medx Staffing Inc. are Joint Employers of Plaintiffs, and the FLSA Collective, within the meaning of 29 CFR §791.2.

68. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collectives at a rate of time and one half for each hour worked in excess of forty (40) in a workweek.

## JURISDICTION AND VENUE

69. Jurisdiction in this Court is proper as Plaintiffs' claims are brought pursuant to the FLSA to recover back wages, liquidated damages, interest, reasonable attorney's fees, and costs. Jurisdiction over this action is founded upon 29 U.S.C. §216 (b), FLSA.

70. Defendants Nomi Health, Inc. and Medx Staffing Inc. are engaged in activities that relate to and involve interstate commerce. Moreover, at all times material hereto, Defendants had annual gross sales in an amount not less than $500,000.00 each. By reason of the foregoing, Defendants were, and are, enterprises "engaged in commerce" as defined by § 203 (r) and (s) of the FLSA.

71. The acts and omissions that give rise to this action occurred in within Miami-Dade and Broward Counties, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b).

72. All conditions precedent to bringing this action have occurred, been performed, or been excused.

## GENERAL ALLEGATIONS

73. As set out above, at all times material hereto, Plaintiffs, and their FLSA Collectives, were employed by Defendants, received an hourly wage as compensation.

74. Defendants improperly classified Plaintiffs and their FLSA Collectives as independent contractors.

75. Plaintiffs and their FLSA Collectives consistently worked in excess of 40 hours in a given workweek without being compensated at a time-and-a-half rate.

76. Plaintiffs held various positions and dates of employment as follows:[1]

| NAME | POSITION | DATES OF EMPLOYMENT |
|---|---|---|
| Barbara Alexis | RN | Jan 2022- Aug 2022 |
| Neltha Desir | RN | May 26, 2021 - Aug 30, 2022 |
| Maxilene Fils-Aime | RN | November 2020 - Current |
| Myrlene Joseph | RN | July 2021 - Current |
| Locmaine Louis | RN | September 2020 - Jan 2022 |
| Lisgreily Marin | RN | November , 2021 - August , 2022 |
| Ralph Marrero | RN | April 2021 - December 2021 |
| Jetzabell Nortey Mayola | RN | June 2021 - Aug 2022 |
| Nancy Pierre | RN | July 2021- May 2022 |
| Ismaray Rodriguez | RN | Aug 2021 - November 2022 |
| Elena Souverian | RN | December2021 - June 2022 |
| Yvena Termilus | RN | June 16, 2021 - October 5, 2022 |
| Lucine Toussaint | RN | December 2020 - August 2021 |
| Daniela Vazquez | RN | April 2021- March 2022 |
| Lamartine Denaud | LPN | June 2022 - August 2022 |
| Gina Delanay | LPN | September 14, 2020 - May 2021 |
| Kimberly Havery Drake | LPN | September 14, 2020 - May 2021 |
| Emma Jacinthe | LPN | April 2021 - Present |
| Marie Reguenard | LPN | June 2021 - September 2021 |
| Keley Vilbrun | LPN | July 2020 - March, 2022 |
| Lorna Francois | MA | January 2021 - August 2022 |
| Artrell Johnson | MA | March 2021 - March 2022 |
| Nadege Joseph | MA | December 7, 2020 - July 7, 2022 |
| Edlyne Metayer | MA | October 2020 - July 2022 |
| Latechia Rule | MA | December 2020 - May 2022 |
| Jose Suazo | MA | December 11, 2021 - July 2022 |

---

[1] Upon receipt of detailed pay records from Defendants, Plaintiffs shall amend this table to include appropriate rates of pay and hours worked during the relevant liability period.

| Chanik Worsley | MA | December 2,2020 - June 2022 |
|---|---|---|
| Solange Youyoute | MA | February 2021 - Aug 2022 |
| Manouse Bertrand | CNA | January 2020 - July 2022 |
| Michael Gaspard | CNA | April, 2021 - September, 2022 |
| Roxene Douce Johnson | CNA | September 2021 - July 2022 |
| Samantha Mondesir | CNA | March 2021 - January 2022 |
| Roseline Sejour | CNA | December 2020 - July 7, 2022 |
| Diana Husein | Operations | February 2021 - May 2022 |
| Paola Ravani | Paramedic | March 2021 - Current |
| Nacuna Brunson | EMT | September 2020 - June 2021 |
| Quamea Richards | EMT | September 23, 2020 - April 2021 |
| Jose Tamayo | Driver | October 2020 - July 2021 |
| Evencia Lestin Bien-Aime | Data Entry | June, 2021 - July, 2022 |
| Marjorie Calixte | Data Entry | June 2021- March 2022 |

77. Plaintiffs and their FLSA Collectives were responsible for activities related to COVID-19, including testing and vaccinations at sites throughout the state of Florida.

78. Plaintiffs and their FLSA Collectives are non-exempt employees of Defendants and entitled to overtime compensation in accordance with the provisions of the FLSA.

79. Consistent with Defendants' policies and patterns of practice, Plaintiffs were not paid overtime at a rate of time and one half for all hours worked in excess of forty (40) for each work week.

80. All of the work that Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs have performed.

81. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs.

**COUNT I**
**UNPAID OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. §207**
**AS AGAINST NOMI HEALTH, INC.**

82. Plaintiffs repeat and re-allege each of the paragraphs above, as though fully set forth herein.

83. Plaintiffs bring this action to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendants under the provisions of the FLSA.

84. Plaintiffs and their FLSA Collectives were covered, non-exempt employees entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

85. Plaintiffs and their FLSA Collectives worked in excess of forty (40) hours per week while employed with the Defendants.

86. Defendants failed to compensate Plaintiffs and their FLSA Collectives up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

87. Defendants' failure to properly compensate Plaintiffs and their FLSA Collectives is in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

88. Defendants' failure to pay Plaintiffs and their FLSA Collectives overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

89. As a direct and proximate result of the Defendants' actions, Plaintiffs and their FLSA Collectives have obtained counsel to represent them in this action and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs and their FLSA Collectives are entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

90. As a direct and proximate result of the Defendants' actions, Plaintiffs and their FLSA Collectives have suffered damages.

91. As a result of Defendants' conduct, Plaintiffs and their FLSA Collectives are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

**WHEREFORE**, Plaintiffs, respectfully requests this Court enter judgment against Defendant, NOMI HEALTH, INC. for compensatory damages (unpaid overtime), liquidated

damages (double damages), interest, attorneys' fees and costs pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

## COUNT II
## UNPAID OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. §207
## AS AGAINST MEDX STAFFING INC

92. Plaintiffs repeat and re-allege each of the paragraphs above, as though fully set forth herein.

93. Plaintiffs bring this action to recover unpaid overtime compensation, an additional amount as liquidated damages, reasonable attorney's fees, and costs from Defendants under the provisions of the FLSA.

94. Plaintiffs and their FLSA Collectives were covered, non-exempt employees entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

95. Plaintiffs and their FLSA Collectives worked in excess of forty (40) hours per week while employed with the Defendants.

96. Defendants failed to compensate Plaintiffs and their FLSA Collectives up to one and a half times their hourly rate for all worked performed in excess of forty (40) hours.

97. Defendants' failure to properly compensate Plaintiffs and their FLSA Collectives is in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

98. Defendants' failure to pay Plaintiffs and their FLSA Collectives overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

99. As a direct and proximate result of the Defendants' actions, Plaintiffs and their FLSA Collectives have obtained counsel to represent them in this action and have agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiffs and their FLSA Collectives are entitled to reimbursement and/or an award of reasonable

attorney's fees and costs pursuant to 29 U.S.C. §216.

100. As a direct and proximate result of the Defendants' actions, Plaintiffs and their FLSA Collectives have suffered damages.

101. As a result of Defendants' conduct, Plaintiffs and their FLSA Collectives are entitled to unpaid wages for overtime, liquidated damages, and other penalties.

**WHEREFORE**, Plaintiffs respectfully requests this Court enter judgment against Defendant, MEDX STAFFING INC for compensatory damages (unpaid overtime), liquidated damages (double damages), interest, attorneys' fees and costs pursuant to the FLSA, and any further relief the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all matters so triable.

Respectfully submitted this 2nd day of December 2022.

| | |
|---|---|
| s/Gabriel T. Roberts<br>Cathleen Scott, Esq.<br>Florida Bar Number 135331<br>Primary e-mail: CScott@scottlawteam.com<br>Secondary e-mail: mail@scottlawteam.com<br>Gabriel "Gabe" T. Roberts, Esq.<br>Florida Bar No. 1018435<br>Primary e-mail: GRoberts@scottlawteam.com<br>Secondary e-mail: mail@scottlawteam.com<br>SCOTT LAW TEAM, LLC<br>Jupiter Gardens<br>250 South Central Boulevard<br>Suite 104-A<br>Jupiter, FL 33458<br>Telephone: (561) 653-0008<br>Facsimile: (561) 653-0020<br>Secondary Address: 101 Northpoint Parkway<br>West Palm Beach, FL 33407<br>www.ScottLawTeam.com | s/Andrew Obeidy<br>Andrew Obeidy, Esq.<br>Florida Bar No. 910341<br>Email: andrew@obdlegal.com<br>Obeidy & Associates, P.A.<br>2755 E. Oakland Park Boulevard<br>Suite 225<br>Fort Lauderdale, FL 33306<br>Telephone: (305)892-5454<br>Facsimile: (954)206-6955 |

Facsimile: (954)206-6955