## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-23938-CIV-SCOLA

BARBARA ALEXIS, and others,

      Plaintiffs,

v.

NOMI HEALTH, INC., a Delaware Corporation, and
MEDX STAFFING INC., a Utah Corporation,

      Defendants.

_____/

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION OF SHAREKA HUMPHREY-PACE AND JORGE GUILLERME OR, IN THE ALTERNATIVE, TO DISMISS THEM UNDER RULE 12(B)(6)

Plaintiffs, BARBARA ALEXIS, et al., by and through their undersigned counsel, on behalf of themselves and others similarly situated, hereby file their response to Defendants' Motion to Compel Arbitration of Shareka Humphrey-Pace and Jorge Guillerme or, in the alternative, to Dismiss for Failure to State a Claim ["Motion for Arbitration"] (DE 27), and states as follows:

## I.    Introduction

As set out in response to Defendants' prior motion to compel arbitration (DE 15), this court should deny the Motion for Arbitration for two reasons: one, Defendants have waived their right to arbitration through participation in other litigation that is the same, or similar, to this litigation; and two, compelling arbitration would be at odds with the purpose of the FLSA's collective action.

This court should further deny Defendants alternative motion to dismiss because the complaint in this matter properly pleads that each Plaintiff and Opt-In Plaintiff was an employee of Defendants, and that Defendants were a joint employer.

## II. <u>Defendants Waived Their Right to Arbitration</u>

While there is a "strong federal policy" in favor of arbitration, "'agreement to arbitrate, just like any other contract, may be waived.'" *Grigsby & Assocs. v. M Sec. Inv.*, 635 F. App'x 728, 731 (11th Cir. 2015) (quoting *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002). A party waives its rights to arbitration when, under the totality of the circumstances, it prejudiced the other party by acting inconsistently with the arbitration right. *Id.* (citing *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990). While there is "no set rule" over what constitutes a waiver of arbitration, a part who "'substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate.'" *Id.* (quoting *S & H Contractors, Inc.*, 906 F.2d at 1514).

In *Grigsby*, the Eleventh Circuit found that a company did *not* waive its right to arbitration by invoking the litigation machinery in prior cases; however, in doing so, the appellate court noted that the company's prior lawsuits were "insubstantial." *Id.* Here, Defendants prior use of the litigation machinery to defend itself in cases was not "insubstantial."

A review of dockets through LexisNexis CourtLink shows that there are eight (8) cases involving either Defendant and alleged violations of the FLSA filed by current and/or former employees that are either pending or closed in federal court:

- *Alexis et al v. Nomi Health, Inc. et al*, 1:22cv23938 (SDFL, filed Dec. 2, 2022)
- *Antunez Farinas v. Medx Staffing, Inc.*, 1:22cv22969 (SDFL, filed Sept. 16, 2022; closed Oct. 26, 2022)
- *Brighthaupt et al V. Nomi Health, Inc. et al*, 1:22cv24089 (SDFL, filed Dec. 16, 2022)
- *Eltahir v. Nomi Health, Inc. et al*, 0:22cv61046 (SDFL, filed June 2, 2022; closed Oct. 3, 2022)
- *Herreria v. Nomi Health, Inc. et al*, 1:22cv23178 (SDFL, filed Sept. 30, 2022; closed Nov. 16, 2022)
- *Jaime v. Nomi Health, Inc.*, 1:22cv22044 (SDFL, filed July 6, 2022; closed Oct. 28, 2022)
- *Poole v. Nomi Health, Inc et al*, 1:22cv21383 (SDFL, filed May 3, 2022; closed Aug. 18, 2022)

- *Servidori v. Nomi Health, Inc.*, 6:22cv1475 (MDFL, filed Aug. 18, 2022)

In only two of those eight cases—the instant case and the *Herreria* case[1]—have the Defendants moved for arbitration. In the other six cases, Defendants have routinely invoked the machinery of litigation to defend themselves from the claims by filing or opposing motions, including motions for approval of settlements in the case. In fact, four of the cases resolved without either Defendant attempting to compel arbitration for the employees in those cases. Based on this publicly-available information, Plaintiffs and the Opt-In Plaintiffs here justifiably relied on this information to file their own complaint in federal court rather than in arbitration.

In *Garcia v. Wachovia Corp.*, the Eleventh Circuit noted that there is a two-part test to determine whether a party waived its right to arbitration. *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012). The first part is to determine whether the party acted inconsistent with the arbitration right by it substantially invoking the litigation machinery prior to demanding arbitration. *Id.* The second part is to see whether that inconsistency prejudiced the other party, which requires considering the length of delay in demanding arbitration and the expenses incurred by the party opposing arbitration. *Id.*

In *Garcia*, the court found that the defendant did waive its right to arbitration, specifically noting pretrial expenses incurred by the parties. *Id.* Here, while Defendants did move to compel arbitration as their first filing, it followed extensive work by Plaintiffs and the Opt-In Plaintiffs to organize, draft, and file the complaint and opt-in notices for 40 named Plaintiffs and 18 Opt-In Plaintiffs to date. Plaintiffs and the Opt-In Plaintiffs also filed their Statements of Claim with this court, which followed the unsuccessful conferral to receive wage and hour records from

---

[1] In the *Herreria* case, the parties jointly moved to compel arbitration on November 7, 2022, which Judge Kathleen Williams granted on November 16, 2022. In her order, Judge Williams noted how the Parties agreed to the enforceability of the arbitration agreement. There is no agreement as to enforceability here.

Defendants. Plaintiffs and Opt-In Plaintiffs only expended that time and resources on the belief that this case would proceed in this court, a belief that was based in the prior actions of Defendants to invoke the machinery of litigation.

Defendants' actions here are like the actions in *Gutierrez v. Wells Fargo Bank, NA*, where the Eleventh Circuit noted that the purpose of the waiver doctrine is "to prevent litigants from abusing the judicial process." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018). There, the court stated that:

> Acting in a manner inconsistent with one's arbitration rights and then changing course mid-journey smacks of outcome-oriented gamesmanship played on the court and the opposing party's dime. The judicial system was not designed to accommodate a defendant who elects to forego arbitration when it believes that the outcome in litigation will be favorable to it, proceeds with extensive discovery and court proceedings, and then suddenly changes course and pursues arbitration when its prospects of victory in litigation dim.
> *Id.*

Here, Defendants have done exactly that. Defendants elected to forego any arbitration rights in prior litigation involving other employees with the same, or similar, claims. Perhaps Defendants believed that litigation would be in their favor on those cases, and that is why they proceeded with extensive court proceedings in the cases prior to this case. But they have now suddenly changed their course, moving to compel the Plaintiffs and Opt-In Plaintiffs to arbitration after acting inconsistently with that right in all cases prior to this.

**III.    Compelling Arbitration Would be at Odds with the FLSA**

Plaintiffs filed this Complaint on behalf of themselves and all others similarly situated. As Defendants recognized in their Motion to Stay Discovery and Pretrial Deadlines Pending Resolution of Motion to Compel Arbitration ["Motion to Stay"] (DE 16),  Plaintiffs filed their Complaint with the intent of filing a motion for conditional certification under 29 U.S.C. §216(b).

To that end, as of the filing of this response, eighteen (18) individuals have filed notice of their consent to join this action upon certification. (DE 6, 11, 12, 13, and 22).

It is well-settled that the FLSA contains no "contrary congressional command" that would preclude the enforcement of an arbitration agreement. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334 (11th Cir. 2014). But even if the arbitration agreements that Defendants seek to invoke are enforceable, allowing Defendants to invoke those agreements here would be at odds with the purpose of the FLSA collective action process. The purposes of a §216(b) action under the FLSA are: "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Fam. Dollar Stores*, 551 F.3d 1233, 1264 (11th Cir. 2008) (*citing Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)). As noted by a court in this district:

> Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer. A collective action allows plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity.
>
> *Carrera v. UPS Supply Chain Sols.*, No. 10-60263-CV, 2012 U.S. Dist. LEXIS 192917, at *22-23 (S.D. Fla. Sep. 14, 2012) (internal citations omitted); *see* also, *McGuire v. Intelident Sols., LLC*, 385 F. Supp. 3d 1261, 1264 (M.D. Fla. 2019) ("The purpose of these collective actions are 'to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employee.'") (quoting *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)).

Here, Defendants' Motion for Arbitration would be at odds with that purpose by potentially splitting the Plaintiffs and Opt-In Plaintiffs not only into fifty-eight separate actions, but into an arbitration-group and non-arbitration-group. The Motion for Arbitration makes this point itself by splitting the Plaintiffs into a separate group that Defendants call the "Arbitration Plaintiffs." (DE

15). As set out above, the following nine (9) Plaintiffs or Opt-In Plaintiffs do not have a signed agreement:

- Kimberly Drake
- Gina Delanay
- Emma Jacinthe
- Nadege Joseph
- Samantha Mondesire
- Quamea Richards
- Lateechia Rule
- Regine Desire
- Yola Joseth

So, for those nine individuals, their case would remain here in federal court. The remainder would be compelled to proceed to an arbitration proceeding.

Rather than meet the purpose of the FLSA collective action, which provides those benefits cited above to the judicial system, Defendants by attempting to create one group of "Arbitration Plaintiffs" would act against that purpose, precluding this court from the benefits of the FLSA collective action.

**IV.    Defendants' Alternative Motion to Dismiss Should be Denied**

Defendants ask this court in the alternative to dismiss the claims of the Plaintiffs and Opt-In Plaintiffs as they "failed to plead any plausible FLSA claim under Rule 12(b)(6)." (DE 15). In support of this, Defendants state that the Plaintiffs and Opt-In Plaintiffs do not plead operative facts establishing that they were an "employee" of either Defendant nor that the Defendants were joint employers. "To state a claim under the FLSA for unpaid overtime wages, a plaintiff must allege sufficient facts to establish that 1) the defendant employed him; 2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA (enterprise coverage) or plaintiff is otherwise covered under the FLSA (individual coverage) and 3) the defendant failed to compensate plaintiff for the hours worked." *Duarte v. Maldonado Bros.*, No. 13-80552-CIV, 2014

U.S. Dist. LEXIS 166450, at *5-6 (S.D. Fla. Dec. 1, 2014) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

### A.  Plaintiffs and Opt-In Plaintiffs Plead that They were "Employees"

In their complaint (DE 1), Plaintiffs allege the following facts establishing that they are "employees" of the Defendants:

- That each Plaintiff was misclassified as an independent contractor. ¶¶3, 74.

- That each Plaintiff worked at a testing facility of Defendants'. ¶3.

- That each Plaintiff had an employment relationship with the Defendants. ¶3.

- That all work performed by Plaintiffs was assigned by Defendants. ¶80.

Plaintiffs also note the specific position and dates of employment for their individual relationship with Defendants. ¶76.

At this stage, those facts properly plead that each Plaintiff and Opt-In Plaintiff was an "employee" of Defendants. These facts establish that Defendants controlled the manner in which each Plaintiff was to perform work by establishing a job position for each individual and requiring that Plaintiffs and the Opt-In Plaintiffs work at a facility of Defendant as assigned by Defendant. These facts also do not establish any opportunity for profit or loss for any of the Plaintiffs or Opt-In Plaintiffs. Under the current standards of the economic realities test, these factors—nature and degree of control and opportunity for profit or loss—are the "core factors." *See Independent Contractor Status Under the Fair Labor Standards* Act, 86 Fed. Reg. 1168 (Jan. 7, 2021).  Further, in considering economic dependence, the court focuses on whether an individual is "in business for himself" or is "dependent upon finding employment in the business of others." *Mednick v. Albert Enters., Inc*., 508 F.2d 297, 301–02 (5th Cir.1975); *Bartels v. Birmingham*, 332 U.S. 126,

130 (1947) ("The proper classification of workers depends on whether, as a matter of economic reality, the individuals "are dependent upon the business to which they render service.").

Here, the complaint pleaded those "core" factors, and it showed that each Plaintiff and Opt-In Plaintiff was dependent on the business of Defendants to find employment. While the other factors of the economic realities test also lean towards Plaintiffs and the Opt-In Plaintiffs being classified as employees, not independent contractors, this is not the stage to definitively address that question. Those merit considerations are better addressed after discovery and at the second stage of the FLSA 216(b) collective action. *See generally*, *Carrera v. UPS Supply Chain Sols.*, No. 10-60263-CV, 2012 U.S. Dist. LEXIS 192917 (S.D. Fla. Sep. 14, 2012).

### B. Plaintiffs and Opt-In Plaintiffs Plead that the Defendants were Joint Employers

MedX Staffing Inc. and Nomi Health, Inc. easily meet the FLSA's definition of an "employer," defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203 (d). The definition of "employer" in the FLSA is "broadest definition that has ever been included in any one act." *Antenor v. D&S Farms*, 88 F.3d 925, 929 n. 5 (11th Cir. 1996). "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Falk v. Brennan*, 414 U.S. 190, 195 (1973); 29 C.F.R. § 791.2. The FLSA's definition of employer must be liberally construed to effectuate the FLSA's remedial purpose. *Antenor* 88 F.3d at 933. Courts look to the "'economic reality' of all circumstances" rather than common law concepts to determine who is an employer. *Aimable v. Long & Scott Farms*, 20 F.3d 434, 439 (11th Cir. 1994).

In their complaint, Plaintiffs and the Opt-In Plaintiffs plead that Defendants are joint employers within the meaning on 29 C.F.R. §791.2. ¶67. The complaint further states that "Nomi Health Inc. and Medx Staffing Inc. are engaged in activities that relate to and involve interstate

commerce." ¶70. Further, as set out above in showing that the complaint properly pleads Plaintiffs and the Opt-In Plaintiffs as employees, the complaint also meets several of the factors laid out by the Eleventh Circuit in *Layton v. DHL Express*, 686 F.3d 1172 (11th Cir. 2012). Here, "Defendants" had a degree of control over the Plaintiffs and Opt-In Plaintiffs, Plaintiffs and Opt-In Plaintiffs worked in "Defendants'" facilities, and "Defendants" paid the wages of each employee.

The inclusion in the complaint of "Defendants" in each of these allegations is important. In *Aquino v. BT's on the River, LLC*, Civil Action No. 20-20090-Civ, 2020 U.S. Dist. LEXIS 235174, (S.D. Fla. Dec. 14, 2020) (SCOLA), this court noted the distinction between attributing factors individually to certain defendants rather than to *all defendants*. *Aquino,* 2020 U.S. Dist. LEXIS 235174, at *9 (S.D. Fla. Dec. 14, 2020). There, the complaint alleged that two individuals engaged in conduct that would support the conclusion of a joint employer relationship. *Id.* But the complaint did *not* allege that all of the defendants engaged in that conduct, so this court found that the complaint did not establish a joint employer relationship to survive motion to dismiss. *Id.* ("The Court cannot credit this material expansion from Phillip Gori and Gregg Berger only (as alleged in the complaint) to all Defendants (as argued in the response brief)….").

Here, the complaint at all times attributed the conduct to all Defendants. Because that conduct included actions that meet the *Layton* joint employer standard, the complaint properly pleads a joint employer relationship.

## V.   <u>Conclusion</u>

For the reasons set out above, this Court should deny Defendants Motion for Arbitration and should further deny Defendants alternative motion to dismiss.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic filing on January 31, 2023 on all counsel or parties of record on the Service List below.

s/Gabriel T. Roberts
Gabriel "Gabe" T. Roberts, Esq.
Florida Bar No. 1018435
Primary e-mail: GRoberts@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
SCOTT LAW TEAM, LLC
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottLawTeam.com

Andrew Obeidy, Esq.
Florida Bar No. 910341
Email: andrew@obdlegal.com
Obeidy & Associates, P.A.
2755 E. Oakland Park Boulevard
Suite 225
Fort Lauderdale, FL 33306
Telephone: (305)892-5454
Facsimile: (954)206-6955

*Attorneys for Plaintiffs*

## <u>SERVICE LIST</u>
## CASE NO. 22-23938-CIV-SCOLA

Andrew M. McKinley, Esq.
Florida Bar No. 122069
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
amckinley@seyfarth.com
*Attorney for Defendant Nomi Health, Inc. and MedX Staffing, Inc.*