United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Barbara Alexis, and others, Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 22-23938-Civ-Scola ) |
| Nomi Health, Inc., and MedX Staffing, Inc., Defendants. | ) ) ) |

### Order

This matter is before the Court on the Defendants Nomi Health, Inc., and MedX Staffing, Inc.'s first motion to compel arbitration or dismiss ("First Mot.," ECF No. 15) and second motion to compel arbitration or dismiss ("Second Mot.," ECF No. 27). The Plaintiffs responded to both motions. ("First Resp.," ECF No. 20; "Second Resp.," ECF No. 29). The Defendants filed replies in support of both motions. ("First Reply," ECF No. 23; "Second Reply," ECF No. 30.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motions. (**ECF Nos. 15, 27**.)

1. **Background**

The Plaintiffs, medical personnel of various backgrounds, bring suit against the Defendants, Nomi Health, Inc. ("Nomi") and MedX Staffing, Inc. ("MedX"), alleging that the Defendants misclassified them as independent contractors. (Compl. ¶ 3, ECF No. 1.) Accordingly, the Plaintiffs assert, the Defendants underpaid them for overtime work relating to Covid-19 testing and treatment. (*Id.* ¶¶ 3, 5.) The Plaintiffs now bring two claims under the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§ 201 *et seq*.). (*Id.* ¶¶ 1, 3, 4.)

There are currently fifty-eight named Plaintiffs in this case: forty Plaintiffs originally joined the complaint, and eighteen Plaintiffs have since opted-in to join these proceedings. (*Id.* at 1-2; Nots. of Consent to Join, ECF Nos. 6, 11-13, 22.) Those fifty-eight Plaintiffs comprise a variety of medical professions, including registered nurses, licensed practical nurses, certified nursing assistants, medical assistants, paramedics, operations leads, emergency medical technicians, drivers, and data entry personnel. (Compl. ¶ 3.)

The Defendants argue in both of their motions to compel or dismiss that the majority of the Plaintiffs (fifty-six of fifty-eight) are subject to arbitration agreements contained in their employment contracts with MedX. (First Mot. at 2

n.2, 4; Second Mot. at 1-2.)[1] The Defendants support their contentions with declarations from Sariah Tuisaula, who worked as MedX's Human Resources Manager from November 2020 to August 2022. (First Decl. of S. Tuisaula ¶ 2, ECF No. 15-1; Second Decl. of S. Tuisaula ¶ 2, ECF No. 27-1.) The Defendants also attach the employment contracts for the fifty-six Plaintiffs subject to the arbitration agreement (the "Arbitration Plaintiffs") to the declarations. (First Decl. of S. Tuisaula ¶ 6, Exs. 1-54; Second Decl. of S. Tuisaula ¶ 6, Exs. 1-2.)

The Defendants assert that the Arbitration Plaintiffs must be compelled to bring their claims in arbitration under the Federal Arbitration Act ("FAA") because the Arbitration Plaintiffs either signed employment contracts that contained arbitration agreements or accepted the terms of their employment contracts, which contain arbitration agreements, by working after receiving the contracts. (First Mot. at 3-6; Second Mot. at 3-4.) As for the remaining two Plaintiffs, (or any Plaintiffs the Court finds are not subject to arbitration agreements),[2] the Defendants argue that the complaint is a shotgun pleading and the Plaintiffs fail to plead essential elements of their FLSA claims. (First Mot. at 10-15; Second Mot. at 9-14.)

In response, the Plaintiffs assert that their claims should not be subject to arbitration because the Defendants waived their right to arbitration and because compelling arbitration would be at odds with the purpose of the FLSA. (First Resp. at 2-6; Second Resp. at 1.) The Plaintiffs also argue that the complaint alleges sufficient facts to state claims for FLSA violations. (First Resp. at 6-9; Second Resp. at 6-9.) The Plaintiffs do not respond to the Defendants' argument that the complaint is a shotgun pleading. (*See generally* First Resp.; Second Resp.)

## 2. Legal Standard

The Federal Arbitration Act ("FAA," 9 U.S.C. §§ 1 et seq.) "places an agreement to arbitration on equal footing with all other contracts and reflects a 'liberal federal policy favoring arbitration.'" *Cheshire v. Fitness & Sports Clubs, LLC*, 382 F. Supp. 3d 1329, 1332 (S.D. Fla. 2019) (Dimitrouleas, J.) (citing *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012)). "Section 2 of the FAA provides that written arbitration agreements in a contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (citing 9 U.S.C. § 2). Accordingly, courts

---

[1] The Defendants filed the second motion after two additional opt-in Plaintiffs (Jorge Guillerme and Shareka Humphrey-Pace) joined these proceedings. (Not. of Consent to Join, ECF No. 22.) Other than addressing the two additional opt-in Plaintiffs, the arguments in the second motion present the same issues as the first motion. (First Mot. at 1-2; Second Mot. at 1-2.)

[2] The two Plaintiffs not subject to an arbitration agreement are Samantha Mondesir and Kimberly Harvey-Drake. (First Mot. at 10 n.5.)

must compel arbitration if (1) the "plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles" and (2) the "claims before the court fall within the scope of that agreement." *See Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (quoting 9 U.S.C. §§ 2–4). Any party resisting arbitration must establish that "the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000). And any "'questions of arbitration must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Gilmer*, 500 U.S. at 26 (quoting *Moses*, 460 U.S. at 24). Ultimately, "the party resisting arbitration bears the burden of showing that the arbitration provision is invalid or does not encompass the claims at issue." *Id.*

  The standard by which courts are to review motions to compel arbitration is similar to the standard for summary judgment. *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). "[A] district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if "there is no genuine dispute as to any material fact" concerning the formation of such an agreement. *Id.* (citing Fed. R. Civ. P. 56(a)).] Importantly, "conclusory allegations without specific supporting facts have no probative value for a party resisting summary judgment." *Id.*

  Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (cleaned up).

  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### 3. Analysis

### A. The Majority of the Plaintiffs' Claims Must Be Compelled to Arbitration

The Court finds that the Arbitration Plaintiffs' claims must be compelled to arbitration. First, the Arbitration Plaintiffs are subject to valid arbitration agreements that they each accepted by signing the agreements or by commencing work after being provided with the agreements. Second, FLSA claims are subject to arbitration—nothing in the FLSA overcomes the FAA's policy of favoring valid arbitration agreements. The Defendants have provided sufficient evidence to meet their burden of demonstrating that arbitration must be compelled for the Arbitration Plaintiffs. *Bazemore*, 827 F.3d at 1333; (First Decl. of S. Tuisaula ¶ 6, Exs. 1-54; Second Decl. of S. Tuisaula ¶ 6, Exs. 1-2). The Plaintiffs provide no evidence in rebuttal, so the Court finds that there is no genuine dispute of material fact as to the applicability of the arbitration agreements at issue. (First Resp. at 2-6; Second Resp. at 2-6.)

To determine whether a dispute must be arbitrated under the FAA, courts consider two prongs: "(1) whether the parties agreed to arbitrate the dispute, and (2) whether legal constraints external to the parties' agreement foreclosed arbitration." *Cheshire*, 382 F. Supp. 3d at 1332 (citing *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004)) (cleaned up).

### 1. The Arbitration Plaintiffs Signed or Otherwise Accepted the Terms of Arbitration Agreements

The first prong of this requirement is simple to satisfy for most of the Arbitration Plaintiffs: the Defendants have provided signed contracts, which contain an arbitration agreement. (First Decl. of S. Tuisaula ¶ 6, Exs. 1-54; Second Decl. of S. Tuisaula ¶ 6, Exs. 1-2.) The Plaintiffs do not challenge the validity of these agreements or the arbitration provisions contained within them. (First Resp. at 2-6; Second Resp. at 2-6.) Accordingly, every Arbitration Plaintiff that signed the arbitration agreement agreed to arbitrate any disputes with the Defendants. *Cheshire*, 382 F. Supp. 3d at 1332.

Some of the Arbitration Plaintiffs, however, did not sign the contracts that the Defendants provided them. Nevertheless, each of the Arbitration Plaintiffs received a copy of the arbitration agreement and performed work for the Defendants after receiving those agreements. (First Decl. of S. Tuisaula ¶ 6; Compl. ¶¶ 73-75.) Because the Arbitration Plaintiffs commenced working for the Defendants after receiving the arbitration agreements, the Arbitration Plaintiffs accepted the terms of those agreements by performance. *Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*, No. 8:15-CV-861-T-23JSS, 2016 WL 943981, at *4 (M.D. Fla. Jan. 8, 2016), *report and recommendation adopted*, No. 8:15-CV-861-T-

23JSS, 2016 WL 931135 (M.D. Fla. Mar. 11, 2016) ("Under Florida law, assent can be manifested in several ways, including by the acts, conduct, words, or performance of the party.") (citations omitted). Accordingly, each of the Arbitration Plaintiffs agreed to arbitrate their current employment disputes.

### 2. No Legal Constraints Prevent the Enforcement of the Arbitration Agreements

The second prong of the Court's analysis is also satisfied—there are no legal constraints to the enforcement of the arbitration agreements at issue. The Plaintiffs raise two arguments against enforceability: first, they argue the Defendants waived their right to arbitrate by litigating other employment disputes with other plaintiffs in other cases, and second, the Plaintiffs argue that the FLSA's purpose would be at odds with arbitration. Neither point is supported by Eleventh Circuit law.

First, a litigant's decision to enforce or waive an arbitration agreement with other parties has no bearing on the Court's analysis of waiver here. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1238-39 (11th Cir. 2018) (reversing district court's order that would have required the defendant to either "move to arbitrate claims not yet brought or else waive" those claims because the defendant could not move to arbitrate claims that were not yet present in the case and had reserved its right to later assert them); *see also Grigsby & Assocs., Inc. v. M Sec. Inv.*, 635 F. App'x 728, 732 (11th Cir. 2015) (holding that "the fact that [the apellee] filed a malpractice suit against its former counsel [a third party] for failing to diligently prosecute its claims does not demonstrate that it waived its right to arbitration.").[3] The Defendants' conduct in other cases, with other parties, to other arbitration agreements, is not relevant to a determination of whether the Defendants have waived the right to arbitrate these claims. Because the Plaintiffs present no other argument for waiver, the Court finds the Defendants have not waived their right to arbitrate under the agreements.

Second, FLSA's purpose and right of collective action does not override the Defendants' rights to arbitrate consistent with the terms of the arbitration agreements. In fact, the Eleventh Circuit has held "that the text of FLSA § 16(b) does not set forth a non-waivable substantive right to a collective action." *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1335 (11th Cir. 2014). Because FLSA's collective action right is waivable, the FLSA "does not contain the

---

[3] The Supreme Court has since abrogated *Grigsby* by holding that prejudice to the party against whom an arbitration agreement is to be enforced is not a valid consideration in determining whether the enforcing party has waived the right to arbitrate. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712-13 (2022). In other words, prejudice to the Plaintiffs here is irrelevant. All that matters is whether the Defendants have waived their rights to arbitrate <u>these specific claims</u>. They have not.

requisite contrary congressional command sufficient to override the FAA." *Id.* Accordingly, the Arbitration Plaintiffs' claims here are still subject to the terms of the arbitration agreements they accepted. The Court therefore finds that there is no genuine dispute of material fact or legal constraints preventing the Arbitration Plaintiffs from being compelled to arbitrate their claims here.

### B. The Complaint Is a Shotgun Pleading

Additionally, the Court finds that the complaint is a prototypical shotgun pleading, as the Eleventh Circuit identified in *Weiland v. Palm Beach County Sheriff's Office*. 792 F.3d 1313, 1323 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). The complaint commits this fatal error, incorporating "each of the paragraphs above" in Count II, thereby incorporating Count I into Count II. (Compl. ¶ 92.) As such, the Court must dismiss the complaint with regards to those Plaintiffs (namely, Plaintiffs Mondesir and Harvey-Drake) who did not have arbitration agreements with the Defendants.

### 4. Conclusion

For the reasons stated above, the Court **grants** the Defendants' motions to compel arbitration with regards to the Arbitration Plaintiffs. (**ECF Nos. 15, 27**.) The parties are compelled to submit the claims at issue to arbitration. The Arbitration Plaintiffs' claims are therefore **dismissed with prejudice**. With regards to Plaintiffs Mondesir and Harvey-Drake, the Court **grants** the Defendants' motions to dismiss (**ECF No. 15**) and dismisses those Plaintiffs' claims **without prejudice**. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on February 10, 2023.

_____
Robert N. Scola, Jr.
United States District Judge